# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

*In re* M.C.

No. 20-0214 (Gilmer County 18-JA-17)

**FILED**

**September 23, 2020**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother K.R., by counsel Andrew Chattin, appeals the Circuit Court of Gilmer County's January 31, 2020, order terminating her parental rights to M.C.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, filed a response in support of the circuit court's order. The guardian ad litem, Mary Elizabeth Snead, filed a response on behalf of the child in support of the circuit court's order and a supplemental appendix. On appeal, petitioner argues that the circuit court erred in terminating her parental rights without granting her an improvement period.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In December of 2018, the DHHR filed an abuse and neglect petition alleging that petitioner admitted to regularly abusing methamphetamine throughout her pregnancy with the child and failed to obtain prenatal care. Additionally, the DHHR alleged that petitioner's parental rights to one older child were involuntarily terminated in a prior proceeding and that she voluntarily relinquished her parental rights to four other children in a separate proceeding.[2] According to the record, these prior cases also concerned petitioner's substance abuse. Following the petition's filing, petitioner waived her preliminary hearing.

---

[1] Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

[2] The DHHR thereafter amended its petition to include allegations against the father.

1

In September of 2019, the circuit court held an adjudicatory hearing. During that hearing, the circuit court heard evidence of petitioner's admitted substance abuse while pregnant with the child, in addition to evidence of her prior abuse and neglect cases, and ultimately adjudicated her as an abusive and neglectful parent.

In December of 2019, the parties appeared for the dispositional hearing, during which the DHHR again presented evidence of petitioner's persistent substance abuse across multiple abuse and neglect proceedings. According to the record, petitioner refused to submit to substance abuse treatment in the prior proceedings, despite repeated offers to secure her such treatment. Petitioner appeared for the hearing in the instant case, although she was incarcerated at the time on federal drug charges, and testified that she wished to participate in an inpatient substance abuse treatment program. The record additionally showed, however, that petitioner tested positive for controlled substances during the instant proceedings while on bond for her criminal charges. Specifically, petitioner last tested positive on September 13, 2019, shortly before she was incarcerated.

Ultimately, the circuit court denied petitioner's motion for an improvement period, finding that she failed to establish that she was likely to fully comply with the terms thereof. This finding was based, in part, on petitioner's failure to fully and truthfully testify to the specifics of her substance abuse. Based on this failure, the circuit court found that petitioner did "not have an attitude or desire to correct the conditions out of which the abuse and neglect arose." As such, the court found that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future. Because it was also necessary for the child's welfare, the circuit court terminated petitioner's parental rights.[3] It is from the dispositional order that petitioner appeals.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

---

[3]According to respondents, the proceedings in regard to the father are ongoing. The permanency plan for the child is reunification with the father, while the concurrent permanency plan is adoption in the current placement.

On appeal, petitioner's lone assignment of error is that the circuit court erred in terminating her parental rights without first granting her an improvement period to demonstrate that she could correct the conditions of abuse and neglect at issue. According to petitioner, she testified at the dispositional hearing that she was willing to undergo substance abuse treatment and, therefore, demonstrated her entitlement to an improvement period. We do not agree.

At the outset, we reiterate that the decision to grant or deny an improvement period rests in the sound discretion of the circuit court. *See In re M.M.*, 236 W. Va. 108, 115, 778 S.E.2d 338, 345 (2015) ("West Virginia law allows the circuit court discretion in deciding whether to grant a parent an improvement period."); Syl. Pt. 6, in part, *In re Katie S.*, 198 W. Va. 79, 479 S.E.2d 589 (1996) ("It is within the court's discretion to grant an improvement period within the applicable statutory requirements . . . ."). Further, we have held that a parent's "entitlement to an improvement period is conditioned upon the ability of the [parent] to demonstrate 'by clear and convincing evidence that the respondent is likely to fully participate in the improvement period.'" *In re Charity H.*, 215 W. Va. 208, 215, 599 S.E.2d 631, 638 (2004). While it is true that petitioner testified to her willingness to attend substance abuse rehabilitation, the circuit court, as the fact finder below, was free to judge petitioner's credibility as a witness in this regard. *Michael D.C. v. Wanda L.C.*, 201 W. Va. 381, 388, 497 S.E.2d 531, 538 (1997) ("A reviewing court cannot assess witness credibility through a record. The trier of fact is uniquely situated to make such determinations and this Court is not in a position to, and will not, second guess such determinations."). After hearing her testimony in support of the motion, the circuit court found that petitioner did "not have an attitude or desire to correct the conditions out of which the abuse and neglect arose." Importantly, petitioner's testimony at the dispositional hearing was the first time that she expressed an intention to attend substance abuse treatment, despite the fact that her parental rights to five older children were terminated because of her continued substance abuse. Not only do we decline to question the circuit court's credibility determination in regard to this testimony on appeal, we further note that "[t]he circuit court has the discretion to refuse to grant an improvement period when no improvement is likely." *In re Tonjia M.*, 212 W. Va. 443, 448, 573 S.E.2d 354, 359 (2002). Given the foregoing, it is clear that the circuit court did not abuse its discretion in denying petitioner's motion for an improvement period.

Similarly, we find no error in the circuit court's ultimate termination of petitioner's parental rights. West Virginia Code § 49-4-604(c)(6) permits a circuit court to terminate parental rights upon finding that there is no reasonable likelihood the conditions of abuse and neglect can be substantially corrected in the near future and when necessary for the child's welfare. On appeal, petitioner argues that the circuit court lacked an evidentiary basis for finding that there was no reasonable likelihood that she could substantially correct the conditions of abuse and neglect, but in support of this argument she cites to nothing other than her self-serving testimony that she wished to attend substance abuse treatment. This is simply insufficient to entitle petitioner to relief, especially considering that the circuit court heard evidence of petitioner's extended history of noncompliance with services and failure to remedy identical conditions of abuse and neglect such that her parental rights to older children were terminated, both involuntarily and voluntarily. Contrary to petitioner's argument, the circuit court's finding in this regard was supported by overwhelming evidence, including the fact that petitioner continued to test positive for controlled substances through the pendency of these proceedings until she was incarcerated. Because the

record shows that petitioner's history of substance abuse began as early as 2014 and continued, unabated, throughout the entirety of these proceedings, we find that the circuit court's finding that there was no reasonable likelihood the conditions of abuse and neglect could be substantially corrected was not in error. Further, because West Virginia Code 49-4-604(c)(6) permits the termination of parental rights upon such findings, it is clear that petitioner is entitled to no relief. Finally, as this Court has held,

> "[t]ermination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, [West Virginia Code § 49-4-604] . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under [West Virginia Code § 49-4-604(d)] . . . that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011). Accordingly, we find no error in the circuit court's termination of petitioner's parental rights.

Lastly, because the proceedings in regard to the father are ongoing, this Court reminds the circuit court of its duty to establish permanency for the child. Rule 39(b) of the Rules of Procedure for Child Abuse and Neglect Proceedings requires that

> [a]t least once every three months until permanent placement is achieved as defined in Rule 6, the court shall conduct a permanent placement review conference, requiring the multidisciplinary treatment team to attend and report as to progress and development in the case, for the purpose of reviewing the progress in the permanent placement of the child.

Further, this Court reminds the circuit court of its duty pursuant to Rule 43 of the Rules of Procedure for Child Abuse and Neglect Proceedings to find permanent placement for the children within twelve months of the date of the disposition order. As this Court has stated,

> [t]he [twelve]-month period provided in Rule 43 of the West Virginia Rules of Procedure[] for Child Abuse and Neglect Proceedings for permanent placement of an abused and neglected child following the final dispositional order must be strictly followed except in the most extraordinary circumstances which are fully substantiated in the record.

*Cecil T.*, 228 W. Va. at 91, 717 S.E.2d at 875, syl. pt. 6. Moreover, this Court has stated that

> [i]n determining the appropriate permanent out-of-home placement of a child under [West Virginia Code § 49-4-604(c)(6)], the circuit court shall give priority to securing a suitable adoptive home for the child and shall consider other placement alternatives, including permanent foster care, only where the court finds that adoption would not provide custody, care, commitment, nurturing and

discipline consistent with the child's best interests or where a suitable adoptive home [cannot] be found.

Syl. Pt. 3, *State v. Michael M.*, 202 W. Va. 350, 504 S.E.2d 177 (1998). Finally, "[t]he guardian ad litem's role in abuse and neglect proceedings does not actually cease until such time as the child is placed in a permanent home." Syl. Pt. 5, *James M. v. Maynard*, 185 W. Va. 648, 408 S.E.2d 400 (1991).

For the foregoing reasons, we find no error in the decision of the circuit court, and its January 31, 2020, order is hereby affirmed.

Affirmed.

**ISSUED**: September 23, 2020

**CONCURRED IN BY**:

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison

5